IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02482-RPM-CBS

FIVE TREES LOT 10, LLC,
a Colorado limited liability company,

      Plaintiff,

v.

DAVID GLIMCHER and
VICTORIA GLIMCHER,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

THIS STIPULATED PROTECTIVE ORDER has been presented to the Court by the

parties hereto because discovery in this action involves the disclosure of documents, material,

and information potentially entitled to protection under Rule 26(c), Federal Rules of Civil

Procedure, including but not limited to confidential and proprietary financial and business

information of the parties, and pursuant to that rule,

IT IS HEREBY ORDERED THAT the following terms and conditions shall apply to all

documents, material, and information disclosed by the named parties or by any third party in the

course of discovery in this action that such party may deem to be potentially entitled to

protection under Rule 26(c):

1.      Definitions.

(a)      "Confidential Information" shall mean all documents, material, and information potentially entitled to protection under Rule 26(c) and designated pursuant to paragraph 2 hereof, including, but not limited to, interrogatory answers, documents produced during discovery in this action, whether produced voluntarily, in response to an informal request, in response to a formal discovery request or subpoena, or pursuant to the order of the court, deposition testimony and/or transcripts, and any portions of any pleadings or other court papers that quote from or summarize any of the foregoing.

(b)      "Requesting Party" shall mean any party conducting a deposition, propounding interrogatories, requesting the production of documents, requesting admissions, or pursuant to a subpoena duces tecum served upon any person or entity in this proceeding, and/or otherwise seeking discovery herein.

(c)      "Producing Party" shall mean any person or entity on whom a discovery request, in whatever form, has been propounded or served in this action.

2.      Designation.

(a)      Designation of Information Produced in Discovery as "Confidential Information."  In responding to discovery or in making disclosures pursuant to Rule 26(a), any Producing Party may designate any document, material, or information produced by it as "Confidential Information."  In the case of documents, such designation shall be made by stamping the phrase "Confidential" on all pages of any document so designated, in a conspicuous place.  In the case of documents consisting of more than one page, only the first page need be stamped with the designation.  In the case of deposition testimony, such designation shall be made by identifying on the record those portions of the transcript designated

as Confidential Information.  Machine readable media and other non-documentary information shall be designated as Confidential Information by some suitable and conspicuous means, given the form of the particular embodiment.

(b)     Time of Designation.  A Producing Party may make the designation noted herein either at the time the document is produced or at the time it is copied for delivery to the discovering party.  Failure to make the designation at the time a document is made available for inspection does not constitute a waiver of the right to designate a document as Confidential Information, so long as the document is so designated when copied for production to the inspecting party.  The designation of information as Confidential Information shall constitute a certification by the attorney making such designation that he or she in good faith believes the information to be potentially entitled to protection under Rule 26(c).

(c)     No Limitation.  Nothing contained herein shall require a Producing Party to produce documents containing information subject to the attorney-client or work product privilege or to preclude any producing party from redacting information which is subject to these privileges or non-responsive information from documents produced pursuant to this Protective Order provided that any privileged information is identified for the Requesting Party in accordance with the procedures provided in Rule 26(b)(5).

3.     Disclosure of Confidential Information.  Except as set forth herein, neither the contents nor the substance of Confidential Information may be disclosed to anyone other than (1) the attorneys who are participating directly in the preparation or presentation of the prosecution or defense of this proceeding, (2) legal assistants, clerical personnel, and secretaries working directly for such attorneys in connection with this proceeding, (3) experts or consultants who have been specifically retained for the purpose of this proceeding, (4) the parties or

representatives of the parties who are participating in the preparation or presentation of the

prosecution or defense of this proceeding, which may include representatives of the parties'

insurance carriers, and (5) pursuant to a subpoena or court order, or as otherwise required by

law.  Prior to disclosure of the contents or substance of any Confidential Information to any

person pursuant to subsections (3) or (4) of this paragraph 3(a), such person shall sign an

Acknowledgment Re: Stipulated Protective Order in the form attached as Exhibit A, stating the

signatory's full name, address, and present employer, and acknowledging his or her

understanding of the terms of this Stipulated Protective Order and his or her agreement to be

bound by its terms, and each such signed statement shall be retained by the attorney disclosing

any Confidential Information.  Prior to disclosure of the contents or substance of any

Confidential Information by any Requesting Party pursuant to subsection (5) of this paragraph 3,

the Requesting Party shall notify the Producing Party of such subpoena or court order as

promptly as possible in order to afford the Producing Party a reasonable opportunity to take

whatever action with respect to the subpoena or court order which the Producing Party deems

appropriate.

        4.      <u>Treatment of Confidential Information</u>.

        (a)      All documents, material, and information designated as "Confidential

Information" shall be treated in accordance with the provisions of this Stipulated Protective

Order until such designation has been released by the party making it or by order of the Court.

Nothing herein, however, shall limit disclosure of Confidential Information by the party

producing it, but such disclosure may be shown to constitute a waiver of a right to protection in

any proceeding hereunder challenging such designation.

        (b)      Any person who receives or is afforded access to any Confidential

Information pursuant to the provisions of this Stipulated Protective Order shall neither use nor disclose said Confidential Information for any purpose other than the purposes of preparation for and conduct of this proceeding, and then solely as contemplated herein.  Furthermore, such person shall take all reasonable precautions to maintain the confidentiality of such information.

(c)     If any transcripts of depositions, answers to interrogatories, motions, briefs, documents produced, or other pleadings that are to be filed with the Court include copies of Confidential Information subject to this Stipulated Protective Order or summarize material from such documents, the party causing the Confidential Information to be filed shall file it in appropriate folders that are sealed and endorsed with the legend: "Confidential -- Filed Under Seal -- Not to be Opened Except by Authority of the Court."

(d)     Counsel are charged with the responsibility of advising their partners, associate attorneys, legal support personnel, and experts or consultants who are participating in the prosecution or defense of this proceeding to whom disclosure of Confidential Information may be made pursuant to this Stipulated Protective Order, of the terms of this Stipulated Protective Order and their obligations thereunder.

(e)     Confidential Information may be used by any party at trial or on any appeal of this matter without regard to the terms of this Stipulated Protective Order; provided, however, that all parties shall take appropriate measures to preserve the confidentiality of all such information designated as "Confidential" hereunder, and provided further that the parties hereto reserve their right to question, challenge, and/or object to the admissibility of such Confidential Information in accordance with the Federal Rules of Evidence and/or the Federal Rules of Civil Procedure.

5.     <u>Limitations</u>.  The confidentiality provisions of this Stipulated Protective Order do

not apply to:

      (a)     Documents or information already in the possession of parties, unless obtained pursuant to a prior confidentiality agreement or protective order issued by a court of competent jurisdiction; provided, however, that, if any party in this action receives or has previously received documents from a third-party, then any other party, or the party receiving such documents, may designate such documents, or any of them, as confidential, pursuant to this Stipulated Protective Order; or

      (b)     Documents or information filed with local, state, or federal agencies, other than tax returns and other filings not considered public records under the laws of the particular jurisdiction.

6.     No Waiver.  Nothing contained herein shall, in any respect, constitute a waiver of any attorney-client or work product privilege of any party, nor does any provision herein affect the right of any party to contest any assertion or finding of confidentiality or privilege, and/or to appeal any adverse determination of the Court regarding said confidentiality or privilege.

7.     Scope.  Nothing contained herein is intended to broaden or restrict the scope of information that would be entitled to protection under Rule 26.

8.     Modifications.  Any modification of this Stipulated Protective Order shall be by order of the Court.

9.     Duration.  This Stipulated Protective Order shall remain in full force and effect and survive the termination of this litigation unless modified by an order of the Court or by the written stipulation of all parties and any affected third-party filed with the Court.  Upon the conclusion of this litigation, all documents designated as "Confidential" hereunder and all copies of such documents shall be returned to the Producing Party and the counsel for the Requesting

Party shall provide written assurances that this order has been complied with in full.

DATED at Denver, Colorado, this 17th day of February, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

**STIPULATED AND AGREED TO BY THE UNDERSIGNED**
**COUNSEL FOR THE PARTIES:**

| | |
|---|---|
| GARFIELD & HECHT, P.C. | HOLME ROBERTS & OWEN LLP |
| | |
| /s/_____ | /s/_____ |
| Matthew C. Ferguson | Spencer T. Denison, Esq., #0976 |
| Chad J. Schmit | 1700 Lincoln Street, Suite 4100 |
| 601 East Hyman | Denver, Colorado  80203-4541 |
| Aspen, CO 81611-2941 | Telephone:   (303) 861-7000 |
| Telephone:  (970) 925-1936 | Facsimile:    (303) 866-0200 |
| Facsimile:  (970) 925-3008 | E-mail:  spencer.denison@hro.com |
| E-mail:  ferguson@garfieldhecht.com | Attorneys for Defendants |
| E-mail:  cschmit@garfieldhecht.com | |
| Attorneys for Plaintiffs | |

7